**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga Clarissa Ortega, | No. CV-11-0140-PHX-LOA |
| Petitioner, | **ORDER** |
| vs. | |
| Hillary Rodham Clinton, Secretary of State of the United States, | |
| Respondent. | |

This case arises on Respondent's Motion to Stay Civil Proceeding Pending Outcome of Criminal Proceedings and Motion to Stay Discovery. (Docs. 34, 35) Petitioner Olga Clarissa Ortega opposes both Motions with a single response, entitled "Response to Motion to Stay Civil Proceedings - Opposed," requesting that "the Court deny the Motion to Stay Proceedings, deny the Motion to Stay Discovery, and order that this matter proceed as set forth in the May 16, 2011 Scheduling Order." (Doc. 41 at 6) Respondent timely replied on August 8, 2011. (Doc. 42) Upon consideration of the parties' briefing, the Court finds Respondent has failed to demonstrate good cause to stay either this case or its discovery. Respondent's Motions will be denied.

**I. Background**

Petitioner commenced this action on January 20, 2011, seeking a writ of mandamus, pursuant to 28 U.S.C. § 1361 and 8 U.S.C. § 1503(a), compelling Respondent to issue Petitioner a passport as proof of her disputed United States citizenship, as

authorized by 22 U.S.C. § 2705, and a judicial declaration, pursuant to 28 U.S.C. § 2201, finding Petitioner is a United States citizen because of her purported birth in Monterey Park, California, on March 14, 1975. (Doc. 1) Petitioner claims that she has previously met her burden of proving her birthright in the United States due to "the Order of the Superior Court of California, Los Angeles County, which ordered that Petitioner's birth be registered by the County of Los Angeles Recorder's Office." (Docs. 12 at 2; 31 at 2-3) Petitioner argues Respondent and the federal courts must give "full faith and credit" to this State order. (*Id.*)

Contending that the District Court of Arizona lacks subject matter jurisdiction, the mandamus statute does not authorize this Court to establish Petitioner's citizenship, and the Petition fails to state a claim upon which relief may be granted, Respondent alleges that on December 16, 1998, an Immigration Judge determined Petitioner was an alien and ordered her removal from the United States. (Doc. 31 at 3) Respondent further claims the Government subsequently executed that order, removed Petitioner to Mexico, and, on February 28, 2006, the Bureau of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the 2005 denial of her Motion to Reopen. (*Id.*) Respondent further advises that Petitioner's petition for review of the 2006 BIA decision is pending before the Ninth Circuit. (*Id.*)

As counsel are well-aware, Petitioner is presently awaiting a criminal trial in Tucson, beginning on September 19, 2011 in CR-10-2444-TUC-DCB (DTF), as a result of an indictment, charging her with 15[1] felonies for Re-Entry After Deportation, False Statements in Application and Use of Passport, Fraud and Misuse of visas, permits and other documents, False Claims to U.S. Citizenship, and False Statements. (Docs. 5, 44 in CR-10-2444-TUC-DCB (DTF)).

---

[1] Count 12 was dismissed on July 29, 2011 for multiplicity with Count 13. (Doc. 47 in CR-10-2444-TUC-DCB (DTF)).

**II. Pending Motions**

Respondent's Motion to Stay requests a stay of this civil case until after the conclusion of Petitioner's criminal case because of "[t]he similar issues in the two cases, the limited duration of the stay, conservation of party and judicial resources, public policy favoring deference to the criminal case, and due process considerations, all support a stay of this civil case." (Doc. 34 at 2) Respondent argues that:

> [p]ermitting the civil case to proceed is tantamount to allowing discovery in the criminal case under the more liberal discovery rules under Federal Rules of Civil Procedure, circumventing the more restrictive criminal discovery rules. Congress enacted The Victim Witness Act of 1982 ("VWPA"), in part, to protect witnesses in federal criminal prosecutions. Staying the civil proceedings furthers Congressional recognition of the importance of protecting witnesses in federal criminal cases. Permitting the case to continue into discovery in the civil case violates the intent of this VWPA.

(*Id.*)

Alternatively, Respondent's Motion to Stay Discovery seeks an order that "stay[s] discovery in this case, suspend[s] compliance with Federal Rule of Civil Procedure 26, and suspend[s] compliance with the Scheduling Order of this Court . . . until after the Court resolves the pending Motion to Stay Proceedings Pending Outcome of Criminal Proceedings . . . and the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction to be filed early next week, June 13-17, 2011." (Doc. 35 at 1) To date, however, Respondent has not filed any dispositive motion. Relying on Rule 26(c), Fed.R. Civ.P., for a protective order, Respondent argues that "allowing discovery to commence, . . . wastes resources and allows interference with the on-going criminal case. If the Court grants the Motion to Dismiss, any Court and party time and expense spent on disclosures and discovery is wasted[,]" citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (denying or staying discovery until after resolution of motion to dismiss avoids "unnecessary costs to the litigants and to the court system," including "the time, expense, and aggravation of preparing for and attending depositions," and diversion of "scarce judicial resources . . . from other cases to resolve discovery disputes.") (*Id.* at 4)

To the contrary, Petitioner asserts that "the plain language of the governing

statute [8 U.S.C. § 1503(a)] requires this Court to hear the Petitioner's claim to U.S. citizenship, and any stay of these proceedings would thwart Congressional intent in enacting section 1503." (Doc. 41 at 2) Moreover, citing her Fifth and Sixth Amendment rights, Petitioner claims she "has a fundamental due process right to establish her defense, which requires her to seek an order of this Court that she is a U.S. citizen." (*Id*. at 1) Petitioner "asserts her constitutional right to present a defense . . . requires this Court to maintain its jurisdiction over the Petitioner's claim under 8 U.S.C. § 1503(a)." (*Id*. at 4) Petitioner acknowledges she bears the burden by a preponderance of the evidence that she is entitled to a passport, citing *Reyes v. Neely*, 264 F.2d 673, 674-75 (5th Cir. 1959), but she argues her "burden can only be met with the production of *positive evidence* of her citizenship, such as the delayed registration of birth she produced when she initiated these proceedings." (*Id*. at 5) Essentially, Petitioner's argument is that she has a right to obtain a passport in this civil action for affirmative use in her criminal case because her "citizenship is a critical part of the Petitioner's defense in" the Tucson criminal case. (*Id*. at 1)

Respondent's Reply points out that "regardless of whether the Court grants a stay of the civil proceedings, no decision will issue in time for Petitioner to use it in her criminal case, even if petitioner prevails in the civil case." (Doc. 42 at 1) Because discovery does not close until May 4, 2012, and dispositive motions are not due until June 22, 2012, "Petitioner will not receive a decision in this civil case before her criminal trial on September 19, 2011 . . . ." (*Id*. at 2)

**III. Protective orders**

Upon a showing of "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[,]" a district court may issue an order "forbidding the disclosure or discovery"; "specifying terms, including time and place, for the disclosure or discovery"; "prescribing a discovery method other than the one selected by the party seeking discovery"; or granting other relief. Rule 26(c)(A), (B), (C), Fed.R.Civ.P. The Supreme Court has interpreted Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and

- 4 -

what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citing *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") and *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"). *See also* 8 Wright, Miller & Marcus, *Federal Practice and Procedure*, Civil § 2036, at 489 (2d ed. 1994) (Depending on the issue, "[a] court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.").

**IV. Discussion**

Respondent has not demonstrated any "specific prejudice or harm will result if no protective order is granted" or made a "particularized showing of good cause" that the United States government needs either a stay of this case or its discovery to protect it from "annoyance, embarrassment, oppression, or undue burden or expense" until after the conclusion of Petitioner's criminal trial which is set to begin in a mere five weeks or so. *Phillips*, 307 F.3d at 1210-11; *San Jose Mercury News, Inc.*, 187 F.3d at 1102; Rule 26(c), Fed.R.Civ.P. First, no examples of discovery propounded by Petitioner have been provided to the Court to corroborate Respondent's arguments that allowing relevant discovery to proceed as usual is improper or "tantamount to allowing discovery in the criminal case under the more liberal discovery rules under Federal Rules of Civil Procedure[.]" (Doc. 34 at 2) Respondent has not identified any specific witness whose deposition Petitioner seeks to take which would result in, as Respondent argues, a violation of either the letter or spirit the Victim Witness Act, justifying a genuine need to

protect the Government's witnesses in the fast-approaching Tucson criminal trial. Remarkably, the docket reflects that Petitioner has not initiated any discovery, much less noticed a deposition, since the Court held the Rule 16 scheduling conference on May 13, 2011.[2] Moreover, as Respondent's Reply recognizes, "regardless of whether the Court grants a stay of the civil proceedings, no decision will issue in time for Petitioner to use it in her criminal case, even if petitioner prevails in the civil case." (Doc. 42 at 1) While the Court may not agree with many of Petitioner's arguments why neither this case nor its discovery should be stayed, Respondent has simply not shown that a protective order is necessary to prevent specific prejudice or harm if a protective order is not granted. Thus, good cause does not exist to grant Respondent's Motions.

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Stay Civil Proceeding Pending Outcome of Criminal Proceedings and Motion to Stay Discovery, docs. 34, 35, are **DENIED**.

Dated this 10th day of August, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[2] While the Court has generously provided the parties a mutually-agreeable discovery deadline of May 4, 2012, doc. 33 at 4, there will likely be no extensions due to the lack of due diligence demonstrated over the last three months. *Williams v. City of Mesa*, 2010 WL 2803880, * 1 (D.Ariz. 2010) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Zivkovic v. Southern Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (holding that party failed to demonstrate good cause where a continuance was requested four months after the scheduling order was issued, and plaintiff was not diligent in complying with the Rule 16 schedule) (citation omitted)).